JOHN E. CLARK, Respondent, v. THE GERMAN INSURANCE COMPANY OF FREEPORT, Appellant.

### St. Louis Court of Appeals, April 24, 1900.

1. **Insurance: POLICY ON REAL AND PERSONAL PROPERTY: ACTION OF ASSIGNOR OF POLICY.** The assignor may maintain suit for the insured value of the personal property covered by the same policy with the dwelling house, though he assigned it as collateral security to protect his indorser since his assignee was paid by the company but only by the stipulated value in the policy, of the dwelling house.

2. ———: ———: ———: **COMPANY AND NOTICE OF TRANSACTION: BOUND BY IT.** As the insurance company had knowledge of the assignment of the policy by respondent to assignee Taylor, it follows that the payment by the company to Taylor the value of the dwelling house, did not preclude respondent from suing for the value of the personal property, and as there was testimony to support the findings of the trial court in that particular, no error was committed by the court in refusing the demurrer to the evidence asked by appellant.

Appeal from the Christian Circuit Court.—*Hon. James Tilford Neville*, Judge.

AFFIRMED.

*Barnett & Barnett* for appellants.

(1) The court erred in refusing the declaration of law asked at the close of the evidence, declaring that plaintiff was not entitled to recover, and erred in rendering a judgment for plaintiff for the reason that plaintiff having assigned his policy to Taylor, and the loss having been adjusted and paid to Taylor, and Taylor, the assignee, having receipted for said loss in full, and surrendered the policy to

defendant, the plaintiff was no longer the insured and had no right of action on said policy. (a) The assignment of the policy with the consent of the company, to Taylor, constituted the making of a new contract of insurance between the company and the assignee. Thereafter Taylor was the only party insured by the policy, Clark no longer being a party thereto, and was not insured thereby. Hall v. Ins. Co., 93 Mich. 184, 53 N. W. Rep. 727; Ins. Co. v. Munns (Ind.), 22 N. E. Rep. 78; 1 Wood on Fire Ins. (2 Ed.), sec. 110, p. 287; 1 Biddle on Ins., sec. 320, and authorities cited under note 5. (b) Such assignment constituting a new contract, and Clark not being named as assured under this new contract, the policy will not have the effect to insure his property, although he was the owner of the personal property, and this is true although he may have intended to reserve his insurance on the personal property. A policy of insurance made in the name of a particular person, will not cover and protect the interests of any person other than the one named in the policy as the assured, unless there are words in the policy indicating such an intent. Wise, assignee of Eubank v. Ins. Co., 23 Mo. 80. (c) The policy contains the provision that "no assignment of this policy shall be valid until the assignment is consented to by the president or secretary or duly authorized local recording agent of the company and indorsed hereon, and in case of such assignment of this policy or any interest therein without such consent, this policy shall immediately cease and be void."

*Jas. R. Vaughan* for respondent.

(1) The transfer of the policy to Taylor and the deed to the house and lot to Taylor were made to secure the bank and Taylor as an indorser for Clark on the note which the latter had made to the bank. That transaction was valid

and binding upon all parties concerned. The insurance company assented to it, presumably with knowledge of all the facts. If it did not, and there was any fraud or misrepresentation in procuring the assignment, then the company should have put Mr. Williams, its resident agent upon the stand to have shown that fact, or should have shown it by any available evidence, which they did not do nor attempt to do, nor even claim as a fact. This being the case, that is, the transaction being a mortgage and pledge of the land and the policy, as soon as the debt due the bank was paid, then the policy and all rights thereunder for the loss, reverted to Clark and he had the right to sue on it as he did. Berthold v. Ins. Co., 2 Mo. App. Rep. 311; Motley v. Ins. Co., 29 Mo. 337; Griswold v. Ins. Co., 70 Mo. 654; Kempf v. Ins. Co., 41 Mo. App. 27-31. (2) The appellant in its brief says, demands can not be split without the debtor's consent, and a part only recovered, but respondent can not see how that doctrine can have any application to this case as presented in this court. This doctrine about splitting demands arises generally under pleas of *res adjudicata*, but there has been but one suit and can be no other than this. (3) It is not an infrequent thing that the right to sue upon an insurance policy rests with more persons than one. A large number of persons are sometimes interested in the loss, and in the states like Missouri, whose practice requires that suits shall be brought in the name of the real parties in interest, suits can be instituted in the name of such as are damaged, or have rights to be protected. It is true that ordinarily only one action is contemplated and brought, but this is because the facts as a rule only require one action and not because others may not be legally brought in favor of parties having claims. Maxey v. Ins. Co., 40 Am. St. Rep. 325; Beebe v. Ins. Co., 32 Am. St. Rep. 519; 13 Am. and Eng. Ency. of Law (2 Ed.), 206. If the policy

can not be assigned without the company's consent, it necessarily follows that the company can not be affected or bound by any limitations upon that assignment to which it did not consent. The company consented to an assignment of the entire policy, and did not consent to split the policy so as to insure two persons instead of one. A fire insurance policy is not assignable without the express consent of the insurer. The *delectus personae* is material. Jecko v. Ins. Co., 7 Mo. App. 308. (d) The cause of action can not be split without the consent of the defendant. Pettit v. Ins. Co., 69 Mo. App. 317. (e) A portion of a debt or claim can not be assigned without the debtor's consent. Demands can not be split without debtor's consent. Barton v. Hunter, 59 Mo. App. 610; Burnett v. Crandall, 63 Mo. 410; Alexander v. Railroad Co., 54 Mo. App. 66; Loomis v. Robinson, 76 Mo. 488.

BOND, J.—The plaintiff was insured by the defendant in the sum of $1,000 on a dwelling house and $500 on personal property contained therein. Being indebted to the bank in the sum of $1,500 upon which J. S. Taylor, was indorser, plaintiff conveyed by warranty deed the dwelling house and assigned said policy, with the assent of the company, to said Taylor to secure such indebtedness, and protect him as indorser. Thereafter a fire destroyed the dwelling house, and with trifling exceptions, all the personal property. An adjuster of the company paid the assignee of the policy $950, and took a receipt therefor in satisfaction of the loss under the policy, and also took a surrender of the policy. This action is by the assured, the assignor of the policy, and is brought to recover $500, the amount of insurance apportioned in the policy to the personal property destroyed in said fire.

The defense is payment to the assignee. The court, to

whom the cause was submitted without a jury, overruled defendant's demurrer to the evidence, and gave judgment for plaintiff, from which defendant appeals, and assigns this ruling of the trial court as error.

An examination of the testimony leaves no doubt that the assignment of the policy of insurance was intended only as a collateral security for the indebtedness of the plaintiff to the bank, upon which the assignee was indorser. Such a transaction is provided for by the following clause of the policy itself, to wit:

"XX. If this policy is made payable in case of loss to a third party, or is held as a collateral security or any claim for loss shall have been assigned after loss by fire under this policy, the proofs of loss shall be made by the party originally insured, and shall set out fully the interest of the party to whom the loss is payable, and when required, the party to whom the loss is payable, shall make proofs on oath of the character and extent of such interest in detail."

In accordance with the foregoing provision proofs of loss were made by the assured and his assignee as to the dwelling house, and by the assured alone as to the personal property, in which latter statement it is recited that the goods destroyed were the property of the assured. The evidence tends to show that upon the visit of the adjuster or special agent of the company to the scene of the loss, the assignee only claimed $1,000, which was the portion of the policy which covered the real estate conveyed to him, and the assured claimed $500, being that portion of the policy which covered the personal effects. The evidence further tended to show that the money paid the assignee was received solely in compromise and adjustment of the $1,000 claimed by him under the assignment, and that the assured neither knew of nor consented to the receipt executed by the assignee for the total loss under the policy, nor the surren-

der of the same. The evidence showed conclusively that the indebtedness of the assured to the bank was credited with the $950 paid by the defendant to the assignee of the policy, and that after the sale by the latter of the lot of ground upon which the house was formerly situated, enough of the proceeds of such sale was applied to the assured's indebtedness to extinguish and pay off the same in full, leaving a considerable surplus, which was turned over to him by said assignee of the policy.

From these and other circumstances in the record it is reasonably inferable that the defendant, through its agent, was fully apprised of the exact extent of the interest of the assured and his assignee in the policy in question. It could not denude itself of this knowledge or information in its transaction with Taylor, the assignee; and the adjustment effected with him was intended and received only in payment of his claim for $1,000 apportioned in the policy as the insurance upon the dwelling house. If this deduction was made by the trier of the facts, it is clear that such payment did not in anywise discharge the claim of the assured for the $500 of insurance covering the personal property, the ownership of the assured and his assignee as to these respective amounts being separate and distinct according to the fair effect of the testimony in this record. It follows that the payment or satisfaction of one did not in law preclude the other from the assertion of his separate demand. There was sufficient inferential evidence to support the finding of the trial court, hence there was no error in its refusal of the declaration of law requested by defendant, and the judgment herein is affirmed.

Judge *Bland*, concurs; Judge *Biggs*, absent.